UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELAINE L. CHAO, )
   Secretary of Labor )
 )
       Plaintiffs, )
 )
   v. ) Civil Action No. 06-0285 (RWR)
 )
WASHINGTON TEACHERS' UNION )
LOCAL 6, AMERICAN FEDERATION )
OF TEACHERS , )
 )
       Defendant. )
_____)

RESPONSE OF PLAINTIFF TO COURT'S ORDER TO SHOW CAUSE AND
MEMORANDUM IN SUPPORT OF MOTION TO ALLOW EXTENSION OF TIME TO
EFFECTUATE SERVICE

    Plaintiff, Elaine Chao, Secretary of Labor, by and through her undersigned attorneys, submit this response to the Court's Order of June 20, 2006, regarding service of the complaint on defendants in this case. This response also serves as the memorandum in support of the accompanying Motion to Allow Extension of Time to Effectuate Service.

    The Complaint in this matter was filed on February 15, 2006. At that point, the summons had not been returned to plaintiff's counsel but were expected within days. A copy of the complaint, however, was sent by certified mail, return receipt requested, to George Parker, Local President, at 1717 K Street, N.W., Suite 902, Washington, D.C. 20036 and Lee Jackson, counsel, at 1300 L Street, N.W., Suite 1200, Washington, D.C. 20005.

    On February 21, 2006, undersigned counsel's sister-in-law entered the hospital for what would be the last time. On February 22, 2006, undersigned counsel's mother suffered a heart attack, leading to a long hospitalization. During the next several months, the undersigned

counsel was only in the office on an intermit basis.  Her sister-in-law died on April 1, 2006, leaving four children, and her mother died on May 26, 2006.  Because of these events, and the turmoil preceding them, undersigned counsel was not present in the office when the summons would have been returned to the office nor when the certified mail receipts would have been received.  Due to the absence of counsel with primary responsibility for this matter from the office, the summons may not have been issued as required.

Shortly after counsel returned to the office following her mother's funeral, this Court's Order of June 20, 2006, was received.  At that point, copies of the complaint, certified mail receipt requested, were re-sent to the individuals identified above.   Those copies of the complaint were received.  See  Exhibit A (receipts and USPS tracking information).[1]  In order to ensure the proper summons have been sent, the undersigned have requested the re-issuance of the summons this date and intend to have those summons and the complaint delivered by the end of today or no later than Monday, July 3, 2006, absent difficulties because of the pending holiday.  Therefore, under Fed. R. Civ. P. Rule 4 (m), plaintiff respectfully requests that this Court allow service to be effected by July 7, 2006, as an appropriate period of extension under the Rule. [2]  A

---

[1] The signed certificates have not yet returned to this office.

[2] In the Advisory Committee Notes to the 1993 Amendment, the Committee specifically described the operation of Rule 4(m) as:

> explicitly provid[ing] that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days and authorizes the Court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

1993 Amendment, 4(m).

Furthermore, the Notes point out that such relief may be justified "if the applicable statue

motion and proposed order accompany this response.[3]

No prejudice will result to the defendant from the Court allowing this service to be perfected. That the complaint was received by the defendants in February 2006 is not in dispute. The website of the Washington Teachers Union Local 6 has a link to a copy of the complaint http://www.dcpswatch.com/wtu/ , dated February 21, 2006, and on that same day, the Union also issued a press release regarding the lawsuit. See http://www.dcpswatch.com/wtu/060221b.htm and Exhibits B and C.

Therefore, the plaintiff respectfully moves this Court for an Order allowing service to be effectuated by July 7, 2006.

                                  Respectfully submitted

                                  _____/s/_____
                                  KENNETH L. WAINSTEIN, DC. Bar#451058
                                  United States Attorney

                                  _____/s/_____
                                  RUDOLPH CONTRERAS, D.C. Bar #434122
                                  Assistant United States Attorney

                                  _____/s/_____
                                  LAURIE WEINSTEIN, D.C. Bar# 389511
                                  Assistant United States Attorney
                                  Judiciary Center Bldg. Room E4820
                                  555 4th Street, NW
                                  Washington, DC 20530
                                  (202) 514-7133

---

of limitations would bar the refiled action. . ..” That is the situation in this case.

[3] A call to defendant's counsel to discuss this motion does not appear to have been returned, but the Department of Justice Voice Mail system is not correctly functioning this week, which may have interfered with such a call.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30 th day of June, 2006, a copy of the foregoing Motion to Allow Extension of Time to Effectuate Service and Response to Court's Order to Show Cause and Memorandum in Support of Motion to Allow Extension of Time to Effectuate Service was mailed, postage prepaid to defendant and counsel for the defendant as follows:

George Parker
Local President
1717 K Street, N.W.
Suite 902
Washington, D.C. 20036

Lee Jackson
1300 L Street, N.W.
Suite 1200
Washington, D.C. 20005.

Laurie Weinstein
Assistant United States Attorney