UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELAINE L. CHAO,<br><br>    Plaintiff<br><br>    v.<br><br>WASHINGTON TEACHERS' UNION,<br>LOCAL 6 OF THE AMERICAN<br>FEDERATION OF TEACHERS,<br><br>    Defendant. | Case No. 1:06-CV-00285-RMR |

**MOTION TO DISMISS OF DEFENDANT
WASHINGTON TEACHERS' UNION, LOCAL #6,
<u>AMERICAN FEDERATION OF TEACHERS, AFL-CIO</u>**

Comes now defendant, Washington Teachers' Union, Local #6, American Federation of Teachers, AFL-CIO and respectfully moves this Court to dismiss the plaintiff's complaint under Rule 12 (b)(5) of the Federal Rules of Civil Procedure for insufficiency of process in violation of the requirements of Rules 4 (a), (c)(1), and (m) of the Federal Rules of Civil Procedure.  This motion is supported by the Memorandum in Support of Motion to Dismiss of Defendant Washington Teachers' Union, Local #6, American Federation of Teachers, AFL-CIO and the Declaration of Brenda C. Zwack.

Dated: June 30, 2006                      Respectfully submitted,

                                                    O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                                    By:   */s/ Brenda C. Zwack*
                                                            Brenda C. Zwack (DC Bar No. 482673)
                                                             1300 L Street, NW, Suite 1200
                                                             Washington, DC 20005
                                                             (202) 898-1707/Fax (202) 682-9276
                                                             bzwack@odsalaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO, | ) |
| Plaintiff | ) |
| v. | ) Case No. 1:06-CV-00285-RMR |
| WASHINGTON TEACHERS' UNION, LOCAL 6 OF THE AMERICAN FEDERATION OF TEACHERS, | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OF THE WASHINGTON TEACHERS' UNION, LOCAL #6,
AMERICAN FEDERATION OF TEACHERS, AFL-CIO**

Defendant Washington Teachers' Union, Local #6, American Federation of Teachers, AFL-CIO ("Union") moves this Court under Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss the complaint of plaintiff, Elaine Chao, Secretary of Labor, for the United States Department of Labor ("DOL") for insufficiency of process. The DOL, represented by the United States Attorney's Office, has failed to serve the Union with a summons and complaint within the 120 day time period provided in Rule 4 (m) of the Federal Rules of Civil Procedure. Plaintiff's subsequent untimely attempt to serve process to the defendant was insufficient under Rules 4 (a), (c)(1), and (m) because the complaint was not accompanied by a proper summons. Dismissal is appropriate because the DOL and its counsel lack good cause for failing to effectuate timely and sufficient service of process.

The plaintiff filed this lawsuit on February 15, 2006. According to Rule 4 (m) of the Federal Rules of Civil Procedure, a plaintiff must effectuate service of process within 120 days of

filing the complaint with the court. FED. R.CIV. P. 4 (m). In this case, 120 days after February 15, 2006, would have been June 15, 2006.

On February 17, 2006, Lee W. Jackson, of the law firm O'Donnell, Schwartz & Anderson, P.C., general counsel to the Union, and George Parker, President of the Union, both received an identical package by regular mail from the United States Department of Justice, Office of the United States Attorney. Declaration of Brenda C. Zwack, attached hereto as Attachment A ("Zwack Dec.), at ¶¶ 2-3 and Ex. 1 and 2 attached thereto. Both packages contained a photocopy of the complaint. Id. The complaint was undated by counsel; contained no date or file stamp of the Court; and bore no case number whatsoever. Id. The package did not contain a summons. Id. In fact, there was simply nothing to indicate that the complaint had actually been filed with the Court. Id. According to the names listed on the complaint, numerous government attorneys apparently intended to submit the complaint, but there was only one attorney's name accompanied by a signature or bar number. Id. That attorney was Assistant United States Attorney Laurie Weinstein. Id. In addition to the complaint, this initial mailing contained a document entitled "Certificate of Service" in which Ms. Weinstein certified by her signature that she had sent "a copy of the foregoing" postage prepaid on February 15, 2006, to Mr. Jackson and Mr. Parker. Id.

On February 28, 2006, shortly after Mr. Jackson and Mr. Parker received this mailing, undersigned counsel, Brenda Zwack, also of O'Donnell, Schwartz & Anderson, P.C., began attempts to reach Ms. Weinstein by telephone. Zwack Dec. at ¶ 4 and Ex. 3 attached thereto. Identifying herself as counsel for the Union, Ms. Zwack left multiple voice mail messages for Ms. Weinstein. Id. Finally, on March 9, 2006, Ms. Weinstein returned Ms. Zwack's call and the

two attorneys spoke directly. Id. at ¶ 5 and Ex. 3 attached thereto. Ms. Zwack informed Ms. Weinstein that the Union had not been properly served. Id. She explained to Ms. Weinstein that the Union did not receive a summons and that the complaint did not contain a file stamp or even a case number. Id. Further, Ms. Zwack made clear to Ms. Weinstein that the Union's lawyers would not accept service of process for the Union. Id. Ms. Weinstein claimed that she was unaware that the Union had not been served. Id. at ¶ 6 and Ex. 3 attached thereto. Despite the fact that she had personally signed the "Certificate of Service", Ms. Weinstein claimed that the deficiency was likely the fault of new or temporary support staff in her office. Id. Ms. Weinstein promised, however, that she would remedy the situation and personally see to it that the Union was properly served. Id.

Nevertheless, at no time during the 120 day time limit did Ms. Weinstein or anyone else from the DOL or the U.S. Attorney's Office make any attempt to timely serve the Union with the summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedures. Id. at ¶ 9. Similarly, no one acting on behalf of the plaintiff attempted to contact the Union or O'Donnell, Schwartz & Anderson, P.C. to request a waiver of service. Id.

On June 20, 2006, the Court entered an order and notice to show cause why this case should not be dismissed for plaintiff's failure to timely serve the defendant with a summons and a copy of the complaint. The Court ordered the plaintiffs to demonstrate service of process on the defendant or show cause why the case should not be dismissed on or before June 30, 2006.

On June 26, 2006, Mr. Jackson received a mailing sent by certified mail, return receipt requested, from Ms. Weinstein. Zwack Dec. at ¶ 10 and Ex. 4 attached thereto. This mailing contained a copy of the date stamped complaint; a copy of the civil cover sheet; and an unsigned,

3

unsealed, undated summons form.  Id.  On June 27, 2006, Mr. Parker received an identical package from Ms. Weinstein, sent by certified mail, return receipt requested.  Id. and Ex. 5 attached thereto.  Both the package sent to Mr. Jackson and the package sent to the Union were postmarked June 23, 2006, more than one week after the last day for timely service under Rule 4 (m).  Id. and Ex. 4 and 5 attached thereto.

The United States Court of Appeals for the District of Columbia Circuit has held that, absent a showing of good cause or justification for counsel's failure to effectuate service of process within the 120 day time limit, the complaint must be dismissed without prejudice.  Pelligrin & Levine, Chartered v. Antoine, 961 F.2d 277 (D.C. Cir. 1992).  The court noted that, "[t]he 'good cause' inquiry under Rule 4 (j) [former designation for the current Rule 4 (m)] implicates the reason for failure to effect service, not the severity of the consequences."  Id. at 283 (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1158 (6th Cir. 1991)).  Similarly, the United States Court of Appeals for the Third Circuit has also made clear:

> "Half-hearted" efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run.  *See* United States For Use of DeLoss v. Kenner General Contractors, Inc., 764 F.2d 707, 710 (9th Cir. 1985).  Furthermore, when a delay is the result of inadvertance [sic] of counsel, it need not be excused.  *See* Wei [v. Hawaii], 763 F.2d [370] at 372 [(9th Cir. 1985)].  Similarly, when there is a lack of diligent effort to ensure timely service of process, an extension of time for service may be refused.  *See* Coleman v. Greyhound Lines, Inc., 100 F.R.D. 476, 477-78 (N.D.Ill. 1984).

Lovelace v. Acme Markets, 820 F.2d 81, 84 (3d Cir. 1987).

In this case, the United States Attorney's Office's attempts at service of process were even less than half-hearted.  Even after undersigned counsel took the unusual step of alerting Ms.

4

Weinstein to problems with the service of process, when there were still three months left within the 120 day time limitation to correct the problems, neither Ms. Weinstein nor any of her colleagues did anything whatsoever to cure the defects. When Ms. Weinstein finally took action, after the expiration of the time limits, and only after being prompted to do so by the Court, the attempted service of process reflected a disregard for the clear service requirements set forth in the Federal Rules of Civil Procedure.

This later attempt to serve process to the Union remains insufficient. Even a cursory glance at Rule 4 of the Federal Rules of Civil Procedure should have alerted the U.S. Attorney's Office to the fact that it was required to serve the Union with a signed, sealed summons, along with the complaint. The first sentence of Rule 4 (a) provides: "The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff." FED. R. CIV. P. Rule 4 (a).

Rule 4 (c)(1) provides:

> A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effectuating service with the necessary copies of the summons and complaint.

FED. R. CIV. P. Rule 4 (c)(1).

The facts set forth above demonstrate that, even after being prompted by the Court, the plaintiff has made no serious attempt to properly effectuate service of process in this case. Despite the clear candid warning from the Union's counsel to Ms. Weinstein that DOL had not properly served the Union, Ms. Weinstein did nothing for more than three months following that

5

warning to cure the defects in its initial attempted service. Such refusal to act goes beyond mere negligence to demonstrate a deliberate decision by counsel to disregard the rules and requirements of this Court. When DOL did finally take action, it was well beyond the time limit set forth in Rule 4(m) for service of process. Then, even after prompting by this Court, and after the experience of improperly attempting service in February, the plaintiff's next attempt to serve the Union reflected a complete refusal to consult or comply with the Federal Rules of Civil Procedure which clearly spell out the requirements for service of process, including the requirement that the court's clerk sign the summons and affix the seal of the court.

In this case, the plaintiff is not proceeding pro se. To the contrary, DOL is represented by numerous competent attorneys at the Office of the United States Attorney. Presumably, these attorneys are familiar with the Federal Rules of Civil Procedure. There is simply no excuse for counsel's failure to read and comply with all requirements of Rule 4 of the Federal Rules of Civil Procedure. Under these circumstances, it would be inappropriate to afford plaintiff's counsel additional time to effectuate service. The complaint should be dismissed.

Dated: June 30, 2006                        Respectfully submitted,

                                            O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                            By:   /s/ Brenda C. Zwack
                                                  Brenda C. Zwack (DC Bar No. 482673)
                                                  1300 L Street, NW, Suite 1200
                                                  Washington, DC 20005
                                                  (202) 898-1707/Fax (202) 682-9276
                                                  bzwack@odsalaw.com

                                            *Attorneys for the Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO*

**Certificate of Service**

    I hereby certify that I have this day caused the following people to be served by first-class mail postage pre-paid and through the court's electronic case filing system with a copy of the foregoing Defendant Washington Teachers' Union, Local #6, American Federation of Teachers, AFL-CIO's Motion to Dismiss, Memorandum in Support of Motion to Dismiss of Defendant Washington Teachers' Union, Local #6, American Federation of Teachers, AFL-CIO, Declaration of Brenda C. Zwack, and a proposed order.

        Laurie J. Weinstein
        UNITED STATES ATTORNEY'S OFFICE
        555 4th Street, N.W., Room E4820
        Washington, D.C. 20530
        Email: Laurie.Weinstein2@usdoj.gov

June 30, 2006                                                      /s/ Brenda C. Zwack
                                                                 Brenda C. Zwack