UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WASHINGTON TEACHERS' UNION, )<br>LOCAL 6 OF THE AMERICAN )<br>FEDERATION OF TEACHERS, )<br>)<br>Defendant. )<br>) | Case No. 1:06-CV-00285-RMR |

**DECLARATION OF BRENDA C. ZWACK**

I, BRENDA C. ZWACK, in lieu of an affidavit as permitted by 28 U.S.C. Section 1746, declare as follows:

1. I am an attorney at the law firm of O'Donnell, Schwartz & Anderson, P.C. Lee W. Jackson, a principal in the firm, has been general counsel for the Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO ("Union") since early in 2003. Along with Mr. Jackson and other attorneys in the firm, I represent the Union.

2. On February 17, 2006, Mr. Jackson showed me a document that he had received in the United States mail. The package came by regular mail from the United States Department of Justice, Office of the United States Attorney. The package contained a photocopy of the complaint. The complaint was undated by counsel; contained no date or file stamp of the Court; and bore no case number whatsoever. The package did not contain a summons. In fact, there was simply nothing to indicate that the complaint had actually been filed with the Court. According to the names listed on the complaint, numerous government attorneys apparently

**ATTACHMENT A**

intended to submit the complaint, but there was only one attorney's name accompanied by a signature or bar number. That attorney was Assistant United States Attorney Laurie Weinstein. In addition to the complaint, this initial mailing contained a document entitled "Certificate of Service" in which Ms. Weinstein certified by her signature that she had sent "a copy of the foregoing" postage prepaid on February 15, 2006, to Mr. Jackson and Mr. Parker. A copy of this mailing is attached hereto as Exhibit 1.

    3.    I soon learned that George Parker, President of the Union had received an identical mailing, also lacking a summons, case number and date. A copy of this mailing is attached hereto as Exhibit 2.

    4.    On February 28, 2006, after puzzling with Mr. Jackson over whether a complaint had actually been filed, I placed a call to Ms. Weinstein. Her assistant told me that she was out of the office for personal reasons for an unspecified period of time. I left Ms. Weinstein a message, identifying myself as counsel for the Union and asking her to call me. A few days later, I left at least one other message asking her to call me.

    5.    On March 9, 2006, Ms. Weinstein returned my telephone calls. I told Ms. Weinstein that I was counsel for the Union and that I worked with Lee Jackson. I explained that Mr. Jackson and Mr. Parker had received a mailing from her, but that it was insufficient to effectuate service of process. I explained that, although the Union had received a copy of the complaint, there was no summons, no date or file stamp by the Court, and no case number on the complaint to even indicate that it had actually been filed. I also made clear to Ms. Weinstein that Mr. Jackson would not accept service of process for the Union.

6. Ms. Weinstein responded that she was unaware that the Union had not been properly served. She explained that there were some new or temporary administrative assistants in her office who may have been responsible for the mistake. She assured me that she would personally see to the matter and remedy the problem. She thanked me for drawing her attention to the deficiency.

7. Following this telephone conversation, I made a note to the file memorializing my contact with Ms. Weinstein. A copy of that note is attached hereto as Exhibit 3.

8. During my telephone conversation with Ms. Weinstein, I learned that she had filed the complaint with the Court on February 15, 2006. According to Rule 4 (m) of the Federal Rules of Civil Procedure, this would allow the DOL until June 15, 2006, to properly effectuate service of process. This would have been more than three months after my telephone conversation with Ms. Weinstein.

9. As of June 15, 2006, DOL had made no attempt to serve process to the Union. Similarly, neither Ms. Weinstein nor anyone else acting on behalf of the plaintiff attempted to contact the Union or O'Donnell, Schwartz & Anderson, P.C. to request a waiver of service.

10. On June 27, 2006, Mr. Jackson showed me a package that he had received by certified mail, return receipt requested. The envelope for the package reflected a postmark of June 23, 2006. This mailing included a date stamped copy of the complaint, a copy of the civil cover sheet, and an unsigned, unsealed, undated summons. A copy of this document is attached hereto as Exhibit 4. The same day, I learned that Mr. Parker had received an identical mailing also postmarked June 23, 2006. He forwarded this document to my office. A copy of this document is attached hereto as Exhibit 5.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 30, 2006.

                                                 /s/ Brenda C. Zwack  
                                                    Brenda C. Zwack