FEB 17 2006

O'DS & A, PC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELAINE L. CHAO,
  Secretary of Labor,
  United States Department of Labor,
  200 Constitution Avenue, N.W.
  Washington, D.C. 20210,

          Plaintiff,

v.

WASHINGTON TEACHERS' UNION LOCAL 6 OF
THE AMERICAN FEDERATION OF TEACHERS,
1717 K Street, N.W., Suite 902
Washington, D.C. 20036,

          Defendant.

Civil Action

No._____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

<u>NATURE OF THE ACTION</u>

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the December 28, 2004 election of union officers, and the January 26, 2005 run-off election of union officers conducted by Defendant Washington Teachers' Union Local 6 (Defendant) of the American Federation of Teachers, for the offices of President, General Vice President, Recording Secretary, Treasurer, Vice President Senior High, Vice President Junior High, Vice President Elementary, Vice President Special Education,

| ATTACHMENT A, |
| EXHIBIT 1 |

Vice President Special Services, Vice President Career Development, Member-At-Large Senior High (2), Member-At-Large Junior High (2), Member-At-Large Elementary (4), and Member-At-Large Special Services (3) are void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 1717 K Street, N.W., Suite 902, City of Washington, District of Columbia.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a Local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant purporting to act pursuant to its Constitution and Bylaws, conducted an election of union officers on December 28, 2004, and a run-off election of union

2

officers on January 26, 2005, and these elections were subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

Complainants Jerome Brocks and Vernita Jefferson

8. By letter dated January 28, 2005, to the Defendant Election Committee, the complainants Jerome Brocks and Vernita Jefferson, members in good standing of the Defendant, protested the January 26, 2005 election.

9. By letter dated February 17, 2005, to Vernita Jefferson, the Defendant Election Committee denied the protest.

10. By letter dated February 28, 2005, the complainants appealed the decision of the Defendant Election Committee to the American Federation of Teachers (National) Secretary-Treasurer.

Complainant Elizabeth Davis

11. By letter dated January 28, 2005, to the Defendant Election Committee, the complainant, Elizabeth Davis, a member in good standing of Defendant, protested the December 28, 2004 election and the January 26, 2005 election.

12. By letter dated February 17, 2005, to the complainant, the Defendant Election Committee denied the protest.

13. By letter dated March 10, 2005, the complainant appealed the decision of the Defendant Election Committee to the National President.

Complainant Benita Nicholson

14. By letter dated February 14, 2005, to the Defendant Election Committee, the complainant, Benita Nicholson, a member in good standing of Defendant, protested the December 28, 2004 election and the January 26, 2005 election.

3

15. By a second letter received on February 24, 2005, to the National Executive Council, the complainant protested the December 28, 2004 election and the January 26, 2005 election.

16. By letter dated May 4, 2005, to complainants Jerome Brocks, Vernita Jefferson, Elizabeth Davis, and Benita Nicholson, the National Secretary-Treasurer denied the complainants appeals and protest.

17. Having followed the directive of the union for challenging an election of union officers and having received a final decision, the complainants filed their timely complaints with the Secretary of Labor on June 1, 2005 and June 3, 2005, respectively, in accordance with the provisions of section 402(a)(1) of the Act (29 U.S.C. § 482(a)(1)).

18. In a series of letters, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid elections be extended to February 15, 2006.

19. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's December 28, 2004 election and the January 26, 2005 run-off election; and (2) that such violations had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

**Violations of the Labor-Management Reporting and Disclosure Act, Section 401 (29 U.S.C. § 481)**

20. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid elections by:

(a) failing to mail an election notice to every member at his or her last known home address at least fifteen days prior to the election;

(b) failing to mail a ballot to each member in good standing and, as a result, denying those members the right to vote; and

(c) permitting ineligible voters to vote in violation of Defendant's Constitution and Bylaws and the Act.

21. The violations of section 401(e) (29 U.S.C. § 481(e)) may have affected the outcome of the Defendant's elections for the offices of President, General Vice President, Recording Secretary, Treasurer, Vice President Senior High, Vice President Junior High, Vice President Elementary, Vice President Special Education, Vice President Special Services, Vice President Career Development, Member-At-Large Senior High (2), Member-At-Large Junior High (2), Member-At-Large Elementary (4), and Member-At-Large Special Services (3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(1) Declaring the Defendant's elections for the offices of President, General Vice President, Recording Secretary, Treasurer, Vice President Senior High, Vice President Junior High, Vice President Elementary, Vice President Special Education, Vice

5

President Special Services, Vice President Career Development, Member-At-Large Senior High (2), Member-At-Large Junior High (2), Member-At-Large Elementary (4), and Member-At-Large Special Services (3) are void;

(2) Directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(3) For the costs of this action; and

(4) For such other relief as may be appropriate.

          Respectfully submitted,

          PETER D. KEISLER
          Assistant Attorney General

          KENNETH L. WAINSTEIN
          United States Attorney
          DC Bar No.

          By: _____
          LAURIE J. WEINSTEIN,
          D.C. Bar # 389511
          Assistant U.S. Attorney
          Civil Division
          DC Bar No.
          Judiciary Center Building
          555 Fourth Street, N.W.
          Washington, DC 20530

OF COUNSEL:          Phone: (202) 514-7133

HOWARD M. RADZELY
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

ALEXANDRA A. TSIROS
Counsel for Advice

WILLIE B. WHITE
Attorney
U.S. Department of Labor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **15TH** day of February 2006, a copy of the foregoing was mailed, postage prepaid as follows:

GEORGE PARKER
Local President
Washington Teachers' Union Local 6 of
the American Federation of Teachers
1717 K Street, N.W.
Suite 902
Washington, D.C. 20036

LEE JACKSON
O'Donnell, Scwartz & Anderson
1300 L Street, N.W.,Suite 1200
Washington, D.C. 20005

LAURIE WEINSTEIN
Assistant United States Attorney
555 4th Street, NW Rm E4820
Washington, DC 20530
(202) 514-7133

Case 1:06-cv-00285-TFH    Document 5-3    Filed 06/30/2006    Page 8 of 8



LEE JACKSON
O'Donnell, Scwartz & Anderson
1300 I. Street, N.W., Suite 1200
Washington, D.C. 20005

RECEIVED FEB 17 2006 O'Donnell, Schwartz, & Anderson, P.C.

US OFFICIAL MAIL
$300 Penalty
For Private Use

Hasler
$00.630
02/15/2006
Mailed From 20530
US POSTAGE
015H1660l050