UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO, | ) |
| Plaintiff | ) |
| v. | ) Case No. 1:06-CV-00285-RMR |
| WASHINGTON TEACHERS' UNION, LOCAL 6 OF THE AMERICAN FEDERATION OF TEACHERS, | ) |
| Defendant. | ) |

**OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW
EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS**

Comes now defendant, Washington Teachers' Union, Local #6, American Federation of Teachers, AFL-CIO ("Union") in opposition to plaintiff Elaine Chao, Secretary of Labor, United States Department of Labor's ("DOL") Motion to Allow Extension of Time to Effectuate Service of Process. The Union opposes the DOL's motion for the reasons set forth in the Union's motion to dismiss and for the additional reasons set forth below.

Although the Union is sympathetic to the personal circumstances of Assistant United States Attorney Laurie Weinstein, the Union notes that Ms. Weinstein's name was only one of seven attorneys named as having submitted the original complaint. Surely, if Ms. Weinstein was incapacitated by her personal affairs, one of her six colleagues could have stepped forward, over the course of four months, to supervise a mailing of the appropriate documents necessary to effectuate service of process.

In response to the allegations set forth in the DOL's motion, the Union wishes to set the record straight. It is not accurate that the Union posted the complaint on its website. Although,

plaintiff may have located a posting of the complaint on the internet, it was not on the Union's website. The Union's exclusive official website is located at: www.wtulocal6.org. The websites listed in the plaintiff's motion ("http://www.dcpswatch.com/wtu/" and "http://www.dcpswatch.com/wtu/060221b.htm") are in no way connected to, affiliated with, controlled by, or even monitored by the Union. The Union vigorously denies that it has ever posted a copy of the complaint on its website.

As "Exhibit B" to the motion for an extension of time, DOL submitted a printout from this independent website. As further evidence of the Union's lack of connection to this website, there is included in this printout is a misleading "memorandum" from Jerome Brachs, Vernita Jefferson, Elizabeth Davis, and Benita Nicholson, the complainants named in the DOL's complaint. See, Complaint at ¶¶ 8-16. An example of the misleading content in this "memorandum" is the statement:

> The U.S. Department of Labor has determined that the December 28, 2004 election of union officers and the January 26, 2005 run-off election are *void* and has directed that a new election be conducted under the supervision of the U.S. Department of Labor. A law suit was filed on February 15, 2006 in the United States District Court by the U.S. Secretary of Labor, Elaine Chao, to enforce the Department of Labor's determination.

See, Exhibit B to Plaintiff's Motion at p. 2 (emphasis in original). A simple reading of the complaint demonstrates the inaccuracy in this statement. The existence of this false public statement is irrelevant to the plaintiff's failure to comply with the Federal Rules of Civil Procedure with respect to effectuating service of process.

Similarly, the press release from the Union included in plaintiff's Exhibit B states that:

"Based on preliminary information, the Department of Labor has issued a complaint..." Id. at p. 4. Though this statement and the remainder of the press release reflect the Union's awareness of the DOL's intention to pursue litigation, there is nothing in this statement to suggest that the plaintiff had served the Union with process or that the Union so much as knew the case number assigned to this matter.

DOL's "Exhibit C" is also irrelevant. This exhibit is a printout from the same independent website. See, Exhibit C to Plaintiff's Motion. This document contains a press release from the American Federation of Teachers ("AFT"). AFT and the Union are separate entities. The Union does not control the statements of AFT. To the Union's knowledge, AFT is not a party to this lawsuit and, most importantly, AFT is not authorized to accept service of process for the Union.

In any event, all of these postings are irrelevant. The existence of these postings on the internet does nothing to excuse the failure of seven government attorneys to properly and timely effectuate service of process within the four months required by Rule 4(m) of the Federal Rules of Civil Procedure.

Finally, with regard to the plaintiff's most recent attempt to serve process on the Union, plaintiff attempts to excuse its latest deficiency by claiming that it has requested that the Court reissue new summonses, which it will then serve on the Union. According to the docket sheet for this case, the Court already issued summonses on February 15, 2006. Plaintiff has offered no explanation for why these initial summonses are currently unavailable. The Union should not be required to wait around any longer while the plaintiff attempts to organize service of process.

The Union respectfully submits that for the reasons set forth above and in its motion to

dismiss and supporting documents the Court should deny the plaintiff's motion for an extension of time to effectuate service and dismiss this complaint without prejudice.

Dated: July 3, 2006

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: */s/ Brenda C. Zwack*
   Brenda C. Zwack (DC Bar No. 482673)
   1300 L Street, NW, Suite 1200
   Washington, DC 20005
   (202) 898-1707/Fax (202) 682-9276
   bzwack@odsalaw.com

*Attorneys for the Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO*

**Certificate of Service**

    I hereby certify that I have this day caused the following people to be served by electronic mail through the court's electronic case filing system with a copy of the foregoing Defendant Washington Teachers' Union, Local #6, American Federation of Teachers, AFL-CIO's Opposition to Plaintiff's Motion to Allow Extension of Time to Effectuate Service.


July 3, 2006                                                                        /s/ Brenda C. Zwack
                                                                                        Brenda C. Zwack