UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO,<br>   Secretary of Labor<br><br>       Plaintiffs,<br><br>v.<br><br>WASHINGTON TEACHERS' UNION<br>LOCAL 6, AMERICAN FEDERATION<br>OF TEACHERS ,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-0285 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

OPPOSITION TO MOTION TO DISMISS

Plaintiff, Elaine Chao, Secretary of Labor, by and through her undersigned attorneys, opposes defendant's motion to dismiss this action. As more fully described in plaintiff's response to this Court's Order of June 20, 2006, incorporated herein, good cause exists for the extension of time to effectuate service in this matter. The complaint and summons were served upon George Parker, President, Washington Teachers' Union, Local 6, American Federation of Teachers on July 7, 2006. See Attachment A.

Fed. R. Civ. P. Rule 4 (m) allows for the time for service to be extended. Rule 4(m) reads:

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. Rule 4(m). Where a plaintiff fails to effect proper service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that

failure. Id.; Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 3 (D.D.C.2004).

The language of Rule 4(m) grants substantial authority to courts to extend the 120-day deadline. Gipson v. Wells Fargo Corp., 382 F.Supp.2d 116, 122 (D.D.C. 2005). The plain language of Rule 4(m) requires that a court extend time for service where good cause is shown. Id. In discussing Rule 4(m), the Supreme Court has noted that 4(m) retains the substance of former provision 4(j), noting that 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'" Henderson v. United States, 517 U.S. 654, 658 (1996), (emphasis added), citing the Advisory Committee's Notes on 1993 Amendments to Fed. R. Civ. P. 4.[1]

Good cause has been found in cases where the attorney was ill, even if occasionally able to be in the office. LeMaster v. City of Winnemucca, 113 F. R. D. 37 (D.Nev. 1986.). See, e.g., Islamic Republic of Iran v. Boeing Co., 739 F.2d 464, 465 (9th Cir.1984), cert. denied, 470 U.S. 1053, (1985); Board of Education v. Aetna Casualty & Surety Co., 48 F.R.D. 402 (S.D.N.Y. 1969). As more fully described in Plaintiff's Response to the Court's Order of June 20, 2006, the undersigned counsel was seriously pre-occupied with tragic family circumstances from which she

---

[1] In the Advisory Committee Notes to the 1993 Amendment, the Committee specifically described the operation of Rule 4(m) as:

> explicitly provid[ing] that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days and authorizes the Court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

1993 Amendment, 4(m) (emphasis added).

Furthermore, the Notes point out that such relief may be justified "if the applicable statue of limitations would bar the refiled action. . .." That is the situation in this case.

has not yet recovered fully. While these events must qualify as good cause, such cause is not even necessary under the Supreme Court's interpretation of Rule 4.[2]

Finally, "[w]here a defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service, where indeed it is quite likely that the defendant received actual notice of the suit within a short time after the attempted service, and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit… most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships." Coleman v. Milwaukee Bd. of School Directors, 290 F.3d 932, 934 (7th Cir. 2002). In a recent case, Miller v. Holzmann, 2006 WL 568722 (D.D.C.), Slip Opinion, the Court[3] noted:

> In Hobson v. Wilson, 556 F. Supp. 1157, 1185-86 (D.D.C. 1982), for example,

---

[2] In Shaw v. District of Columbia, Slip Copy, 2006 WL 1371681 *8 (D.D.C. 2006) the Court described the following factors when plaintiff does not show good cause:

> the court should consider and balance the following factors: (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent prejudice" in having to defend the lawsuit; (3) whether the defendant has actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff, i.e., cause the plaintiff's suit to be time-barred by the statute of limitations; and (5) whether the plaintiff has made diligent, good faith efforts to effect proper service of process. See Taylor v. Stanley Works, 2002 WL 32058966 * 6 (E.D. Tenn. 2002) (citations omitted); Spencer v. Steinman, 968 F.Supp. 1011, 1014-15 (E.D.Pa.1997) (citing cases).

Id. at *8.

[3] This citation is to the Report and Recommendation and Memorandum Opinion of the Magistrate which was later "provisionally accepted" by the District Court who simultaneously denied all motions without prejudice. See Civ. No. 95-01231 (D.C. Cir. 2006) (RCL/JMF), Dkt. No. 235.

Judge Oberdorfer declined to dismiss a case even though "plaintiffs' counsel have displayed unusual indifference to the requirements of service of process" because the defendant could not show prejudice. His possessing actual knowledge of the claims against him barred him from exploiting the "technical defects" of plaintiff's service of process.  Id. at 1186. The court of appeals affirmed, stating:

> In this case, while we share Judge Oberdorfer's view that plaintiffs displayed "unusual indifference" to the requirement of service, we also find entirely reasonable his conclusion that defendant Jones was not prejudiced by the delay. . . .. Hobson v. Wilson, 237 U.S. App. D.C. 219, 737 F.2d 1, 45-46 (D.C. Cir. 1984).

For all the above reasons, including the now-effectuated service on the President of the Local 6, Washington Teachers' Union, this Court should not dismiss the complaint but proceed to schedule an initial scheduling conference.

        Respectfully submitted

        _____/s/_____
        KENNETH L. WAINSTEIN, DC. Bar#451058
        United States Attorney

        _____/s/_____
        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney

        _____/s/_____
        LAURIE WEINSTEIN, D.C. Bar# 389511
        Assistant United States Attorney
        Judiciary Center Bldg.  Room E4820
        555 4th Street, NW
        Washington, DC 20530
        (202) 514-7133

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13 th day of July, 2006, a copy of the foregoing Opposition to Motion to Dismiss was mailed, postage prepaid to counsel for defendant as follows:

Brenda Catherine Zwack
Lee Jackson
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street, NW
Suite 1200
Washington, DC 20005
(202) 898-1707

and served electronically through ECF.

                                                  Laurie Weinstein
                                                  Assistant United States Attorney