UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
ELAINE L. CHAO,                )
                               )
     Plaintiff,                )
                               )
          v.                   )   Civil Action No. 06-285 (RWR)
                               )
WASHINGTON TEACHERS' UNION,    )
LOCAL 6 OF THE AMERICAN        )
FEDERATION OF TEACHERS,        )
                               )
     Defendant.                )
_____)
```

## MEMORANDUM ORDER

Plaintiff Elaine Chao, Secretary of Labor, filed suit on February 15, 2006 against defendant Washington Teachers' Union, Local 6 of the American Federation of Teachers, alleging that defendant conducted flawed elections for certain union positions and requesting that the elections be voided and defendant be directed to conduct new elections under plaintiff's supervision. Plaintiff failed to effect service within 120 days of filing the complaint, and on June 20, 2006, plaintiff was ordered to either present evidence of service on defendant or show cause why the case should not be dismissed for failure to effect service on defendant.  On June 30, 2006, plaintiff's counsel filed a response to the show cause order and a motion for extension of time to effectuate service, explaining that the hospitalizations and deaths of her sister-in-law and mother kept counsel from ensuring that service properly had been effected.  Plaintiff

- 2 -

requests an extension of time until July 7, 2006 to effect service.[1]  Defendant opposes plaintiff's motion for an extension of time to effect service and filed a motion to dismiss this case due to plaintiff's failure to effect service timely.

If a plaintiff fails to serve a defendant within 120 days, "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  A district court may still extend the time for service in the absence of a showing of good faith upon consideration and balancing of the following factors:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant has actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff, i.e., cause the plaintiff's suit to be time-barred by the statute of limitations; and (5) whether the plaintiff has made diligent, good faith efforts to effect proper service of process.

Shaw v. District of Columbia, Civil Action No. 05-1284 (CKK), 2006 WL 1371681, at *8 (D.D.C. May 15, 2006); see also Henderson v. United States, 517 U.S. 654, 658 n.5 (noting that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'") (quoting Advisory Committee's Notes on 1993 Amendments to Fed. Rule Civ. Proc. 4).

---

[1] Plaintiff has filed proof of service indicating that the defendant was in fact served on July 7, 2006.  (See Pl.'s Opp'n to Mot. to Dismiss, Ex. 1, Summons and Affidavit of Service.)

- 3 -

Here, plaintiff's counsel's personal tragedies amount to good cause for her failure to serve the defendant timely, and an extension of time until July 7, 2006 is an appropriate period for the court to extend the time for service.  Further, even if plaintiff had not shown good cause, an extension of time for service still would be warranted.  Plaintiff requests a modest extension of time and the defendant asserts no prejudice other than the inherent prejudice in having to defend the lawsuit.  The defendant appears to have had actual notice of the lawsuit (see Def.'s Mot. to Dismiss at 4-5 (explaining that defendant's counsel communicated with plaintiff's counsel concerning this lawsuit prior to service being effected)), and the dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff because the suit would be time-barred by the statute of limitations.  (See Pl.'s Resp. to Show Cause Order at 2-3 n.2.)  Finally, in light of the circumstances, plaintiff's counsel made reasonably diligent, good faith efforts to effect proper service of process.  Each of these factors weighs in favor of extending the time for service.  Accordingly, it is hereby

ORDERED that plaintiff's motion [4] for an extension of time to effect service be, and hereby is, GRANTED.  It is further

- 4 -

ORDERED that defendant's motion [5] to dismiss be, and hereby is, DENIED.  Defendant shall answer or otherwise respond to the complaint on or before October 23, 2006.

SIGNED this 20th day of September, 2006.

_____
RICHARD W. ROBERTS
United States District Judge