UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| ELAINE L. CHAO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:06-CV-00285-RMR |
| | ) | |
| WASHINGTON TEACHERS' UNION, | ) | |
| LOCAL 6 OF THE AMERICAN | ) | |
| FEDERATION OF TEACHERS, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## ANSWER TO THE COMPLAINT

Defendant, Washington Teachers' Union, Local #6, American Federation of Teachers,

AFL-CIO ("WTU") answers the Complaint as follows.

## NATURE OF THE CASE

1.      This paragraph contains legal conclusions that do not require an answer.  To the

extent that an answer is required, WTU denies the allegations contained in this first paragraph.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint contains legal conclusions that do not require an

answer.  To the extent that an answer is required, WTU denies the allegations contained in

Paragraph 2.

3.      Paragraph 3 of the Complaint contains legal conclusions that do not require an

answer.  To the extent that an answer is required, WTU denies the allegations contained in

Paragraph 3.

**PARTIES**

4.      WTU admits in Paragraph 4 that Elaine L. Chao is the duly appointed Secretary of

Labor, United States Department of Labor.  The remainder of Paragraph 4 contains a legal

conclusion that does not require an answer.  To the extent that an answer is required, WTU

denies the remainder of the allegations in Paragraph 4.

5.      Admit.

**FACTUAL ALLEGATIONS**

6.      Paragraph 6 of the Complaint contains legal conclusions that do not require an

answer.  To the extent that an answer is required, WTU denies the allegations contained in

Paragraph 6.

7.      WTU denies the allegations contained in Paragraph 6 of the Complaint.  In

explanation of its denial, WTU avers that it was under an administratorship imposed by its parent

union, the American Federation of Teachers, AFL-CIO ("AFT"), from January of 2003 until

February of 2005.  WTU further avers that the AFT conducted an election for WTU officers on

December 28, 2004, and a run-off election on January 26, 2005.  The remainder of Paragraph 7

contains a legal conclusion that does not require an answer.  To the extent that an answer is

required, WTU denies the remainder of the allegations contained in Paragraph 7.

Complainants Jerome Brocks and Vernita Jefferson

8.      Admit.

9.      Admit.

10.      On information and belief, WTU avers that the complainants appealed the

decision of the WTU Election Committee to the AFT.  WTU is without information or

knowledge sufficient to verify that such appeal was directed to the Secretary Treasurer of the

AFT on the date alleged in Paragraph 10 of the Complaint, and therefore denies this portion of

the allegations set forth in Paragraph 10.

Complainant Elizabeth Davis

11.     Admit.

12.     Admit.

13.     Admit.

Complainant Benita Nicholson

14.     Admit.

15.     Admit.

16.     Admit.

17.     WTU admits that the complainants filed their complaints with the Secretary of

Labor on June 1, 2005, and June 3, 2005.  The remainder of Paragraph 17 contains legal

conclusions that do not require an answer.  To the extent that an answer is required, WTU denies

the remainder of the allegations in Paragraph 17.

18.     Admit.

19.     WTU admits that the Plaintiff investigated the complaints and that Plaintiff stated

it had made the findings alleged in Paragraph 19 of the complaint.  The remainder of Paragraph

19 contains legal conclusions that do not require an answer.  To the extent that an answer is

required, WTU denies the remainder of the allegations in Paragraph 19.

**CAUSE OF ACTION**

20.     Deny.

      (a)    Deny.

      (b)    Deny.

      (c)    Deny.

21.    Deny.

## PRAYER FOR RELIEF

(1)    WTU asserts that Paragraph (1) of subsection "Prayer for Relief" of the Complaint contains Plaintiff's prayer for relief. No response is required to the prayer for relief; however, to the extent that this paragraph contains allegations of fact, these allegations are denied.

(2)    WTU asserts that Paragraph (2) of subsection "Prayer for Relief" of the Complaint contains Plaintiff's prayer for relief. No response is required to the prayer for relief; however, to the extent that this paragraph contains allegations of fact, these allegations are denied.

(3)    WTU asserts that Paragraph (3) of subsection "Prayer for Relief" of the Complaint contains Plaintiff's prayer for relief. No response is required to the prayer for relief; however, to the extent that this paragraph contains allegations of fact, these allegations are denied.

(4)    WTU asserts that Paragraph (4) of subsection "Prayer for Relief" of the Complaint contains Plaintiff's prayer for relief. No response is required to the prayer for relief; however, to the extent that this paragraph contains allegations of fact, these allegations are denied.

WTU denies each and every allegation requiring answer not heretofore admitted or

denied.

WTU further denies that Plaintiff is entitled to the relief sought or to any relief

whatsoever.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the WTU upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is time barred.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has sued the wrong party.

WHEREFORE, the WTU requests of the Court that the Plaintiff have and recover

nothing from the WTU, that the Complaint be dismissed, that the costs of this action be taxed

against the Plaintiff and that as part of these costs there be included a reasonable attorney's fee

for the WTU and that the Court grant such other and further relief as the Court deems just and

proper.


Date:   December 18, 2006                    Respectfully submitted,

                                             O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                             By:    /s/ Brenda C. Zwack
                                                    Lee W. Jackson (DC Bar No. 436010)
                                                    Brenda C. Zwack (DC Bar No. 482673)
                                                    1300 L Street, NW, Suite 1200
                                                    Washington, DC 20005
                                                    (202) 898-1707/Fax (202) 682-9276
                                                    bzwack@odsalaw.com

                                             *Attorneys for the Washington Teachers Union,
                                             Local #6, American Federation of Teachers, AFL-
                                             CIO*

**Certificate of Service**

I hereby certify that I have this day caused the following people to be served by first-class mail postage pre-paid and through the court's electronic case filing system with a copy of the foregoing Answer to the Complaint of the Defendant Washington Teachers' Union, Local #6, American Federation of Teachers, AFL-CIO:

Laurie J. Weinstein, Esquire
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 Fourth Street, N.W.
Washington, DC 20530

December 18, 2006                              */s/ Brenda C. Zwack*
                                              Brenda C. Zwack