UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO,<br>    Secretary of Labor<br><br>    Plaintiff,<br><br>                v.<br><br>WASHINGTON TEACHERS' UNION<br>LOCAL #6, AMERICAN FEDERATION<br>OF TEACHERS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-0285 (TFH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

STIPULATION OF SETTLEMENT AND ORDER

This action was brought by the Secretary of Labor, United States Department of Labor (hereinafter referred to as the "Secretary"), pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "Act"), 29 U.S.C. § 401, *et seq.,* requesting a judgment declaring that the December 28, 2004 election and the January 26, 2005 run-off election of union officers of Washington Teachers' Union, Local #6, American Federation of Teachers, AFL-CIO (hereinafter referred to as "WTU Local 6") for the offices of President, General Vice President, Recording Secretary Treasurer, Vice President Senior High, Vice President Junior High, Vice President Elementary, Vice President Special Education, Vice President Special Services, Vice President Career Development, Member-at-Large Senior High (2), Member-at-Large Junior High (2), Member-at-Large Elementary (4), and Member-at-Large Special Services (3), are void, and directing WTU Local 6 to conduct a new election for those offices to be held under the supervision of the Secretary.

The Secretary and WTU Local 6, having appeared by counsel, and having denied the

violations alleged in the Complaint, in order to resolve the issues contained in this action without the necessity of further litigation, stipulate and agree as follows:

    1. The Parties, in settlement of this action, hereby stipulate and agree that WTU Local 6 shall conduct its next regularly scheduled nominations and officer elections for all the above-identified positions under the supervision of the Secretary. Such next regularly scheduled nominations and officer elections will begin in March 2007. Such supervised election is to be completed no later than 180 days from entry of this Stipulation of Settlement and Order.

    2. The supervised election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §481 *et seq.*, and, insofar as lawful and practicable, in accordance with the Constitution and Bylaws of WTU Local 6, and the Constitution of the American Federation of Teachers, AFL-CIO ("AFT"). The persons elected in the supervised election shall be installed as soon as practicable after the Secretary's certification of the tally of ballots, and shall serve the full term for which they were elected as specified in the Constitution and Bylaws of WTU Local 6, and the Constitution of the AFT.

    3. Immediately after the date of the entry of this Stipulation and Order, the WTU shall use its best efforts to provide the Secretary with a list of the names and addresses for all current members of the WTU and to provide the Secretary with copies of the most current dues check-off reports for all employers with whom the WTU has a collective bargaining agreement. Once the WTU has provided such information to the Secretary, the WTU will be responsible for updating the WTU membership database and for obtaining updated addresses of WTU members, as instructed by the Secretary.

    4. All decisions as to the interpretation or application of Title IV of the Act, and of the Constitution and Bylaws of WTU Local 6 and the Constitution of the AFT relating to the

supervised election, are to be determined by the Secretary or her representative, and such decisions in all matters shall be final, unless and until any such decisions are, on application of WTU Local 6, set aside by the Court.

    5. The processing of this action shall be held in abeyance pending the completion of the supervised election and the certification of results therefrom by the Secretary to this Court. After completion of the supervised election, the Secretary shall certify to the Court the names of the persons so elected; that such election was conducted in accordance with Title IV of the LMRDA; and, insofar as lawful and practicable, that the election was conducted in accordance with the provisions of the Constitution and Bylaws of WTU Local 6, and the Constitution of the AFT. Upon approval by the Court of such certification, the Court shall enter a judgment declaring that such persons have been elected as shown by such certification, pursuant to 29 U.S.C. § 482 (c)(2) of the Act.

    6. The Secretary of Labor and WTU Local 6 have entered into this Stipulation for the sole purpose of resolving the issues herein without further litigation, and for no other purpose. By executing this Stipulation, WTU Local 6 does not admit any wrongdoing or violation of the Act; nor does WTU Local 6 admit any wrongdoing or violation of any other applicable laws related to the allegations in the Complaint.

    7. It is further stipulated and agreed that each Party shall bear its own fees, costs, and other expenses incurred by such Party in connection with any stage of this proceeding.

//
//
//
//

This Stipulation and Order may be signed in counterparts.

For the Defendant:

Dated:

O'DONNELL, SCHWARTZ & ANDERSON, P.C.
Attorneys for the Washington Teachers' Union, Local #6,
American Federation of Teachers, AFL-CIO

By: _____/s/_____
LEE W. JACKSON (D.C. Bar No. 436010)
BRENDA C. ZWACK (D.C. Bar No. 482673)
1300 L Street, N.W., Suite 1200
Washington, D.C. 20005-4126
(202) 898-1 707/Fax (202) 682-9276
bzwack~odsalaw.com


For the Plaintiff:

JEFFREY A. TAYLOR
United States Attorney for the
District of Columbia

By: _____/s/_____
LAURIE WEINSTEIN, D.C. Bar 389511
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7133
Facsimile: (202) 514-8780


SO ORDERED:

_____
UNITED STATES DISTRICT COURT
Thomas E Hogan
Chief Judge